UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANNY WILLIAMS,<br><br>               Plaintiff,<br>    v.<br>ROMEO ARANAS, *et al.*,<br><br>               Defendants. | Case No. 3:16-cv-00759-MMD-VPC<br><br>ORDER |

Following screening, the Court permitted Plaintiff Danny Williams to proceed against Defendant Romeo Aranas on the portion of Count I of the first amended complaint alleging deliberate indifference to serious medical needs. (ECF No. 7 at 14.) In particular, the Court found that "liberally construed, the first amended complaint alleges that the course of treatment chosen by Defendant Aranas was based on a blanket policy that was signed by Aranas (as opposed to reasoned medical judgment) and that was medically unacceptable under the circumstances." (*Id.* at 7.) The Court further found that Plaintiff has stated sufficient facts to warrant directing the Attorney General's Office to respond to Plaintiff's motions for a temporary restraining order and a preliminary injunction ("Motion") (ECF Nos. 5, 6). (*Id.* at 14.) The issues raised in Plaintiff's Motion in terms of the likelihood of success on the merits prong are similar to the issues raised in the emergency motions for a temporary restraining order and preliminary injunction in *Griffith v. Aranas,* No. 3:16-cv-00309-MMD-VPC (ECF Nos. 23, 24). The Court referred that case to the Pro Bono Program adopted in General Order 2016-02 (*Griffin*, ECF No. 47) and pro bono counsel

has been appointed (*Griffin,* ECF No. 54). Accordingly, the Court refers this case to the Pro Bono Program for purpose of determining whether pro bono counsel appointed in *Griffin* is willing to be appointed as pro bono counsel for Williams.[1] The scope of appointment will be for the limited purpose of representing Williams in an evidentiary hearing on his Motion, which will be set on the same calendar as the evidentiary hearing in *Griffin*. By making this referral, the Court is not expressing an opinion as to the merits of either case.

DATED THIS 2nd day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court sees no conflict in the same attorney representing plaintiffs in both cases since they present a similar claim of deliberate indifference to their medical needs based on a blanket policy that allegedly falls below the medical standard of care. Their alleged harm—and the facts relating to the likelihood of irreparable harm prong—will of course be unique to the medical condition of each plaintiff.

1