UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANNY WILLIAMS,<br><br>                        Plaintiff,<br>    v.<br>ROMEO ARANAS, *et al.*,<br><br>                       Defendants. | Case No. 3:16-cv-00759-MMD-VPC<br><br>ORDER |

The Court appointed Adam Hosmer-Henner, Philip Mannelly, and Chelsea Latino (collectively, "Counsel") of the law firm McDonald Carano LLP to represent Plaintiff Danny Williams for the limited purpose of an evidentiary hearing originally scheduled for May 7, 2018. (ECF No. 33 at 1-2.) The parties filed a joint stipulation on May 4, 2018, to convert the evidentiary hearing into a status conference based on Plaintiff's then-recent parole. (ECF No. 41 at 1-2.) At the status conference, Counsel sought to withdraw from representation and informed the Court that Plaintiff intended to hire counsel to pursue the remainder of his claims. (ECF No. 44.)

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, No. 97–4737, 2004 U.S. Dist. LEXIS 28264, at \*3–4 (N. D. Cal. Dec. 1, 2004) (*citing Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). LR IA 11-6(b) states that "[n]o attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel," and LR IA 11-6(e) further requires

///

1

that "no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case."

In addition, "[i]n ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599-OWW-DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Withdrawal is appropriate here because the Court's initial appointment was for the limited purpose of representation at the May 7, 2018 evidentiary hearing—a hearing that did not take place. (ECF No. 33 at 1; ECF No. 44.) Plaintiff will not be prejudiced because Plaintiff apparently intends to hire different counsel. (ECF No. 44.) There has been no suggestion that Defendants will be prejudiced, nor has there been any evidence that Counsel's withdrawal will delay the resolution of this case.

It is therefore ordered that the appointment of Counsel as pro bono counsel for Plaintiff is terminated. Counsel's request to withdraw its representation of Plaintiff is granted.

DATED THIS 16th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE