UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANNY WILLIAMS,<br><br>           Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, et al.,<br><br>           Defendants. | Case No. 3:16-CV-0759-MMD-CBC<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is plaintiff's failure to comply with Local Rule ("LR") IA 3-1 requiring plaintiff to change his address.

On May 8, 2019, defendants filed a motion for summary judgment (ECF No. 67). Plaintiff was given notice by the court at his last known address of the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) on May 9, 2019 (ECF No. 71). That notice was returned to the court by the U.S. Postal Service as undeliverable (ECF No. 72). Also on July 16, 2019, the court's minute order ECF No. 73 was returned as undeliverable and stamped "unable to forward." (ECF No. 74).

Thereafter, the court issued an order requiring plaintiff to update his address by Friday, August 16, 2019 (ECF No. 75). Plaintiff was cautioned that his failure to do so would result in a dismissal of this action. *Id.* That order was also returned to the court by the U.S. Postal Service as undeliverable (ECF No. 77).

To date, plaintiff has not filed a notice of change of address with the court. In fact, plaintiff has not participated in this case in any way since he appeared for a mediation conference one year ago on September 11, 2018 (ECF No. 58). LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ."

Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends that this case dismissed based upon plaintiff's failure to notify the court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for plaintiff's failure to comply with LR IA 3-1.

DATED: September 11, 2019.

_____
UNITED STATES MAGISTRATE JUDGE